

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXX~~
**ATTORNEY GENERAL**

Railroad Commission of Texas
Austin, Texas

Gentlemen:                          Attention of Mr. C. F. Petet

Opinion No. 0-1951
Re:  (1)  Does the law governing the
State Rangers in effect October,
1936, and still in effect, permit
State Rangers located at a point where
a legal strike is in effect to accept
payment of money from an officer of a
railroad as salary or money to cover their
expenses?
(2)  If not, what is the penalty and
to whom should charges be filed to correct
such conditions?

We are in receipt of your letter of recent date, requesting the opinion
of this department, touching the above stated questions. We were subse-
quently informed by you that the State Rangers involved were special
rangers pertaining to whom, only, you requested our opinion.

Section 5 of Article 4413 (11), Vernon's Annotated Civil Statutes (Acts
1935, 44th Leg., p. 444, ch. 181, [11), provides:

"(5) Special Rangers: The Commission (Public Safety Commission)
( parenthesis ours) shall have authority to appoint such number of
special rangers as may be deemed advisable, not to exceed Three
Hundred (300) in number; such rangers shall not have any connection
with any Ranger Company or Highway Motor Patrol, but they shall at
all times be subject to the orders of the Commission and the
Governor for special duty to the same extent as the other law
enforcing officers provided for in this Act; such special rangers,
however, shall not have the authority to enforce any laws except
those designed to protect life and property, and such rangers are
especially denied the authority to enforce any laws regulating the
use of the State highways by motor truck and motor buses and other
motor vehicles. Such rangers shall not receive any compensation
from the State for their services, and before the issuance of the
commission each such ranger shall enter into a good and sufficent
bond executed by a Surety Company authorized to do business in Texas
in the sum of Twenty-five Hundred ($2,500.00) Dollars, approved by

the Director, indemnifying all persons against damages accruing as the result of any illegal or unlawful acts on the part of such special ranger. All special ranger commissions shall expire on January 1st of the odd year after appointment, and the Director can revoke any special ranger commission at any time for cause, and such officer shall be designated in the commission as Special Ranger.

"Provided further that the Commission shall not issue more than ten commissions to special rangers for employment by any one person, firm or corporation at any one time, except during an emergency, when in the opinion of the Commission it is necessary in the interest of the public justice to permit the employment of more than ten."

It is observed that this statute specifically contemplates the employment of special rangers by persons, firms or corporations. The right to such private employment, in the absence of any enactment to the contrary, would authorize such special rangers to accept payment of money as a salary or for expenses, by a railroad corporation. The statute also provides, as will be observed from a reading thereof, that such special rangers shall not receive any compensation from the State for their services.

You are, therefore, respectfully advised that Special Rangers may accept payment of money, as salary or to cover expenses, from a railroad corporation. This, of course, applies only to Special Rangers, and not to the regular Texas Ranger Force, the members of which are compensated by the State. Accordingly, it becomes unnecessary to answer your second question.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Zollie C. Steakley

By Zollie C. Steakley
Assistant

ZCS:av/ldw

APPROVED FEB. 21, 1940
s/ W. F. MOORE
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN